UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIM OLIVE, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| FOUR SEASONS HOTELS LIMITED, | § | |
| FOUR SEASONS HOLDINGS, INC., | § | **JURY TRIAL DEMANDED** |
| MT. JEFFERSON HOLDINGS, LLC d/b/a | § | |
| FOUR SEASONS HOTEL HOUSTON, and | § | |
| TRIP.COM TRAVEL SINGAPORE | § | |
| PTE. LTD. | § | |
| | § | |
|     *Defendants*. | § | |

## ORIGINAL COMPLAINT

Plaintiff Jim Olive owns the exclusive copyright to a photograph of the Houston, Texas skyline (the "Photograph"). Without Plaintiff's authorization or consent, Defendants Four Seasons Hotels Limited, Four Seasons Holdings, Inc., Mt. Jefferson Holdings, LLC d/b/a Four Seasons Hotel Houston (together, the "Four Seasons Defendants"), and Trip.com Travel Singapore Pte. Ltd. ("Trip.com" and, together with the Four Seasons Defendants, "Defendants") used and reproduced the Photograph for their own financial gain, in violation of federal law. Accordingly, Plaintiff files this Original Complaint to recover damages arising from Defendants' unlawful conduct.

## PARTIES

1. Plaintiff Jim Olive is an individual resident and citizen of Riverside County, California.

2. Defendant Four Seasons Hotels Limited ("Four Seasons Limited") is a foreign, for-profit corporation organized under Canada law with its principal place of business in Toronto, Canada.

3. Defendant Four Seasons Holdings, Inc. ("Four Seasons Holdings") is a domestic, for-profit corporation organized under Delaware law with its principal place of business in Toronto, Canada.

4. Defendant Mt. Jefferson Holdings, LLC d/b/a Four Seasons Hotel Houston ("Mt. Jefferson") is a domestic, for-profit limited liability company organized under Washington law with its principal place of business in Houston, Texas.

5. Defendant Trip.com is a foreign, for-profit entity organized under Singapore law with its principal place of business in the Republic of Singapore.

## JURISDICTION AND VENUE

6. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, *et seq.*

7. This Court has federal question jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and § 1338.

8. This Court has general personal jurisdiction over Defendant Mt. Jefferson because it is a resident and citizen of the State of Texas.

9. This Court has specific personal jurisdiction over Defendants Four Seasons Limited, Four Seasons Holdings, and Trip.com because Plaintiff's claims arise out of or relate to their contacts with the State of Texas. These contacts include, but are not limited to, Defendants' efforts to market, promote, and provide booking services for the Four Seasons hotel located in downtown Houston, Texas ("Four Seasons Hotel Houston"). In addition, Defendants used the

Four Seasons Hotel Houston's Trip.com webpage to market, promote, and provide booking services for customers and potential customers located both within and outside of Texas.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391 and § 1400.

## FACTUAL ALLEGATIONS

11. Mr. Olive is a photographer who specializes in hard-to-obtain aerial photographs.

12. In 2005, Mr. Olive took several aerial photographs of the Houston skyline at dusk, including the Photograph at issue here:



13. Taking the Photograph was difficult and expensive. To do so, Mr. Olive had to rent a helicopter, hire a pilot, and use specialized equipment. And once Mr. Olive reached the right location and altitude, he had to use a harness to lean out of the rented helicopter to capture this unique view of Houston.

1177226.1

14. In November 2005, Mr. Olive registered the Photograph with the United States Copyright Office (Certificate of Registration Number VAu677-261).

15. Plaintiff's website allows interested parties to inquire about licensing the Photograph. It also prominently sets forth the following copyright management information:



16. Plaintiff is the sole and exclusive owner of all rights to the Photograph.

17. Nevertheless, Defendants—at an unknown date—began displaying the Photograph on the Four Seasons Hotel Houston's Trip.com webpage to encourage prospective guests to reserve rooms there:



18. Trip.com operates http://www.trip.com and the Four Seasons Hotel Houston's Trip.com webpage. Trip.com earns commissions on hotel bookings made on its website. The

4

Four Seasons Defendants also earn revenue when travelers reserve rooms on the Four Seasons Hotel Houston's Trip.com webpage, in addition to any other revenue from paying customers who choose the Four Seasons Hotel Houston after seeing its Trip.com webpage.

19. Defendants appropriated the Photograph for their own financial gain without Plaintiff's authorization or consent. Defendants never asked Plaintiff for a license before using and reproducing the Photograph. Nor did Defendants heed the Photograph's copyright management information, much less include that information when they posted the Photograph on the Four Seasons Hotel Houston's Trip.com webpage.

20. Defendants' conduct, in particular their unauthorized storage, reproduction, distribution, and display of the Photograph, their blatant disregard of the Photograph's copyright management information, and their failure to properly attribute the Photograph to Plaintiff, violated (among other laws) the Copyright Act, 17 U.S.C. § 106, and the DMCA, 17 U.S.C. § 1202.

21. Plaintiff discovered Defendants' unauthorized use and reproduction of the Photograph. Plaintiff promptly sent cease-and-desist letters to Defendants Four Seasons Limited, Four Seasons Holdings, and Trip.com in January 2021, demanding that they immediately remove the Photograph from the Four Seasons Hotel Houston's Trip.com webpage. Plaintiff further demanded financial compensation for Defendants' infringement of Plaintiff's intellectual property rights.

22. Defendants failed to respond to Plaintiff's cease-and-desist letters or compensate Plaintiff for violating his intellectual property rights.

23. Implicitly conceding liability, Defendants eventually took down the Photograph but failed to do so in an expeditious manner. On information and belief, Defendants waited at

5

least four months to take down the Photograph, knowingly continuing infringement throughout months of noncompliance.

## CAUSES OF ACTION

### COUNT I: COPYRIGHT INFRINGMENT

24. Plaintiff incorporates and re-alleges all of the preceding allegations asserted herein.

25. Defendants have infringed Plaintiff's registered copyright in the Photograph, in violation of the Copyright Act. 17 U.S.C. §§ 106 & 501.

26. Defendants willfully, intentionally, and purposefully infringed Plaintiff's copyright, in disregard of and with indifference to Plaintiff's rights.

27. Defendants' unlawful acts directly and proximately injured Plaintiff, as Defendants violated Plaintiff's exclusive copyright and deprived Plaintiff of—at a minimum—a licensing fee. Plaintiff is therefore entitled to statutory damages and/or monetary damages in an amount to be established at trial.

28. Plaintiff is also entitled to his reasonable attorneys' fees and costs under 17 U.S.C. § 505.

### COUNT II: CONTRIBUTORY, VICARIOUS, AND/OR INDUCEMENT COPYRIGHT INFRINGEMENT

29. Plaintiff incorporates and re-alleges all of the proceeding allegations asserted herein.

30. Plaintiff alerted Defendants to their infringing activity in January 2021 cease-and-desist letters. In addition, on information and belief, Defendants read—but purposefully disregarded—the Photograph's copyright management information before appropriating the

Photograph for their own financial gain.  Defendants therefore had actual knowledge of their own (and the other Defendants') infringing activities.

31. Nonetheless, Defendants illegally reproduced the Photograph, and they continued to do so for several months after receiving Plaintiff's cease-and-desist letters.  As a result, Defendants knowingly and willfully induced, materially contributed to, participated in, profited from, and aided and abetted in the other Defendants' illegal reproduction of the Photograph.

32. For example, the Four Seasons Defendants understood that they could promote the Four Seasons Hotel Houston and generate revenue through their display and use of the Photograph.  Knowing this, the Four Seasons Defendants encouraged each other and Trip.com to publish the Photograph on the Four Seasons Hotel Houston's Trip.com webpage.  On information and belief, Mt. Jefferson materially contributed to the infringement activities of the other Defendants by identifying the Photograph as a picture that, if posted on the Four Seasons Hotel Houston's Trip.com webpage, would induce prospective customers to reserve rooms at the Four Seasons Hotel Houston.  On information and belief, Mt. Jefferson then told the other Four Seasons Defendants about the Photograph and, in particular, its potential value in increasing bookings at the Four Seasons Hotel Houston.  On information and belief, Four Seasons Limited and Four Seasons Holdings materially contributed to Mt. Jefferson and Trip.com's infringing activities by coordinating and approving the Photograph's display on the Four Seasons Hotel Houston's Trip.com webpage—without authorization or a license.

33. In the same or similar way, each of the Four Seasons Defendants knowingly and willfully induced, materially contributed to, participated in, profited from, and aided and abetted in the other Defendants' unauthorized display and use of the Photograph.

34. So did Trip.com. After all, it operates the Four Seasons Hotel Houston's Trip.com webpage and, with actual knowledge of the infringements alleged herein and the Photograph's copyright management information, gave the Four Seasons Defendants a platform on which to display the Photograph without authorization or a license.

35. Each Defendant is therefore liable for the acts of infringement committed by the other Defendants.

36. Defendants are also liable for the infringements alleged herein because they had: (i) the right and ability to supervise and control the infringing conduct, and (ii) a direct financial interest in the infringing conduct.

37. The Four Seasons Defendants, for instance, had the right and ability to supervise and control the infringing conduct because Trip.com allows them to publish or remove pictures, including the Photograph, from the Four Seasons Hotel Houston's Trip.com webpage. The Four Seasons Defendants also had a direct financial interest in the infringing conduct since pictures like the Photograph induced prospective customers to reserve rooms at or otherwise patronize the Four Seasons Hotel Houston.

38. Trip.com also had the right and ability to control the infringing conduct. As the operator of http://www.trip.com, Trip.com could have—but did not—promptly remove the Photograph when Plaintiff alerted it to the infringing activity. And like the Four Seasons Defendants, Trip.com had a direct financial interest in the infringing conduct because the Photograph induced prospective customers to reserve rooms at the Four Seasons Hotel Houston, and Trip.com earns commissions when hotel bookings are made on its website.

8

39. Defendants deliberately chose not to exercise their right and ability to supervise and control the infringing activity complained of herein, despite having actual knowledge of the infringements.

40. Defendants' unlawful acts directly and proximately injured Plaintiff. As a result, Plaintiff is entitled to statutory damages and monetary damages in an amount to be determined at trial.

41. Plaintiff is also entitled to his reasonable attorneys' fees and costs under 17 U.S.C. § 505.

### COUNT III: DMCA VIOLATIONS

42. Plaintiff incorporates and re-alleges all of the preceding allegations asserted herein.

43. On information and belief, Defendants intentionally removed the Photograph's copyright management information before posting it on the Four Seasons Hotel Houston's Trip.com webpage, in violation of 17 U.S.C. § 1202(b).

44. Having actual knowledge of or reasonable grounds to know that Plaintiff's copyright management information had been removed without Plaintiff's authorization or consent, Defendants nonetheless distributed the Photograph without its copyright management information, in violation of 17 U.S.C. § 1202(b). Defendants had actual knowledge of or reasonable grounds to know that reproducing the Photograph would induce, enable, facilitate, or conceal the infringement of Plaintiff's copyright.

45. Defendants' unlawful acts directly and proximately injured Plaintiff. Plaintiff is therefore entitled to statutory damages and/or monetary damages in an amount to be established at trial.

46. Plaintiff is also entitled to his reasonable attorneys' fees and costs under 17 U.S.C. § 1203.

## JURY DEMAND

47. Plaintiff demands a jury trial on the claims asserted herein.

## PRAYER FOR RELIEF

48. Plaintiff asks the Court to enter judgment that:

   a. Defendants have infringed Plaintiff's exclusive intellectual property rights in the Photograph under the Copyright Act, 17 U.S.C. § 101, *et seq.*;

   b. Defendants are liable for contributory, vicarious, and/or inducement copyright infringement;

   c. Defendants violated the DMCA, 17 U.S.C. § 1202, *et seq.*;

   d. Plaintiff is entitled to recover damages as provided under the Copyright Act and DMCA;

   e. Plaintiff is entitled to recover his reasonable attorneys' fees and costs;

   f. Plaintiff is entitled to recover pre-judgment interest; and

   g. Plaintiff may recover any other relief, both general and special, to which he is entitled.

| | |
|---|---|
| Date: January 31, 2022 | Respectfully submitted,<br><br>**SMYSER KAPLAN & VESELKA, LLP**<br><br>*/s/ Lee L. Kaplan*<br>Lee L. Kaplan<br>Attorney-in-Charge<br>Texas Bar No. 11094400<br>Federal Bar No. 1840<br>Hector R. Chavez<br>Texas Bar No. 24078335<br>Federal Bar No. 1394992<br>Richard D. Houghton<br>Texas Bar No. 24121678<br>Federal Bar No. 3363238<br>717 Texas Avenue, Suite 2800<br>Houston, Texas 77002-2761<br>(713) 221-2300<br>(713) 221-2320 (fax)<br>lkaplan@skv.com<br>hchavez@skv.com<br>rhoughton@skv.com<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**JIM OLIVE** |

1177226.1