**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **JIM OLIVE,**<br><br>    Plaintiff,<br><br><br>    **v.**<br><br><br>**FOUR SEASONS HOTELS LIMITED,**<br>**FOUR SEASONS HOLDINGS INC.,**<br>**MT. JEFFERSON HOLDINGS, LLC**<br>**D/B/A FOUR SEASONS HOTEL**<br>**HOUSTON, AND TRIP.COM**<br>**TRAVEL SINGAPORE PTE. LTD,**<br><br>    Defendants. | **CIVIL ACTION NO 4:22-cv-00325**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TRIP.COM TRAVEL SINGAPORE PTE LTD'S**
**SPECIAL APPEARANCE AND MOTION TO DISMISS**

COMES NOW, Defendant Trip.com Travel Singapore Pte. Ltd. ("Defendant" or "Trip.com") appearing specially for the purpose of challenging personal jurisdiction, moves the Court to dismiss the suit against it pursuant to Federal Rule of Civil Procedure 12(b)(2).

## I.    Introduction and Background

This is a copyright infringement lawsuit concerning a photograph of the Houston, Texas skyline.  Plaintiff is an individual and allegedly a resident of California.  Trip.com is a corporation that is a resident of the country of Singapore. Plaintiff filed this case in the Southern District of Texas.  For the reasons set forth below, the Southern District of Texas does not have personal jurisdiction over

1

foreign defendant Trip.com whether asserted as general jurisdiction or specific jurisdiction, and therefore the claims against Trip.com should be dismissed.

## II.    Argument and Authorities

The extent to which a court in the Southern District of Texas may exercise jurisdiction over an out-of-state defendant is determined by analysis of the Texas long arm statute and the limitations of the Due Process Clause of the Fourteenth Amendment. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). The Texas long arm statute extends jurisdiction to the limits of due process, and so the controlling question is whether the Court's exercise of jurisdiction over Defendant is consistent with due process. *See id; Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 214 (5th Cir. 2000). A court may exercise personal jurisdiction over a defendant if it has general jurisdiction or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-25 (2011). Plaintiff Olive's complaint appears to assert only that the Court has specific jurisdiction over Defendant, stating: "Plaintiff's claims arise out of or relate to their contacts with the State of Texas . . . [t]hese contacts include, but are not limited to, Defendants' efforts to market, promote, and provide booking services for the Four Seasons hotel located in downtown Houston, Texas." (Doc. 36, ¶ 9.) Nonetheless, this briefing addresses both general and specific jurisdiction. In this case, Defendant is not subject to jurisdiction in Texas under either analysis.

A. <u>The Court Does not Have General Jurisdiction Over Defendant.</u>

A court will have general jurisdiction over a non-resident defendant only when it maintains "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940). The certain minimum contacts with the forum state are sufficient to confer general jurisdiction when such contacts are "continuous and systematic" and "give rise to the liabilities sued on." *Id*. at 317. A casual presence marked by isolated activities in the state is insufficient to confer general jurisdiction. *Id*. The focus of a general jurisdiction inquiry is whether a defendant is "essentially at home" in the court's jurisdiction. *See, e.g., Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014).

The legal standard for personal jurisdiction was developed well before the rise of the Internet allowed companies to instantly provide information and/or services on a global scale simply by posting information that may then be accessed anywhere in the world. Of course, courts had to wrestle with the notion of systematic contacts in an age where any person in any forum could interact with any business with an online presence. While plaintiffs often attempt to use an Internet presence as the basis for personal jurisdiction, courts have wisely determined that would turn the entire concept of personal jurisdiction on its head. Instead, courts look to the

specifics with regard to how a defendant uses that internet presence—or does not—in the forum state. *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123-24 (W.D. Pa. 1997). The *Zippo* court noted that a completely passive website does not confer nationwide personal jurisdiction merely because state residents may access it. *Id*. Where a defendant company maintains an interactive website, courts must look to the nature of the contacts via the Internet in much the same way as any other contacts, because "[d]ifferent results should not be reached simply because business is conducted over the Internet." *Id*. at 1124.

The Fifth Circuit has largely adopted the *Zippo* reasoning to determine whether operation of an Internet website may confer personal jurisdiction over a nonresident defendant. *See, e.g., Revel v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002). Notably, the Fifth Circuit stated that in terms of Internet activity, a business "may be doing business *with* Texas, [but] it is not doing business *in* Texas." *Id.* (emphasis in original). In *Revel*, the court found "[t]hough the maintenance of a website is, in a sense, a continuous presence everywhere in the world, the cited contacts of [the defendant] with Texas are not in any way 'substantial.'" *Id*. at 471.[1]

Trip.com's contacts with Texas are anything but "continuous and systematic." Defendant is a private limited company organized in the country of Singapore. Decl. at ¶ 2. It is not registered to do business in Texas and is not required to do business

---

[1] Like in this case, the plaintiff in *Revell* was an individual resident of the state of California, and therefore the injury allegedly suffered was suffered by the plaintiff in California.

HOU 4358151.1

in Texas or to maintain an agent for service of process in Texas. *Id*. at ¶ 2. Its principal place of business is in Singapore, and it has no offices in Texas. *Id*. at ¶ 3. It has no employees that reside in Texas or work from Texas. *Id*. at ¶ 4. It owns no real estate in Texas and maintains no bank account in Texas. *Id*. at ¶¶ 5-6. It does not direct advertising toward Texas or Texas residents. *Id*. at ¶ 7. It is not obligated to pay United States federal or Texas state income tax, or any franchise tax, business tax, real estate tax, or value added taxes to the United States or to Texas. *Id*. at ¶ 8.

The only argument for the application of general jurisdiction to Trip.com in Texas is that it maintains a website that may be viewed and utilized worldwide (and therefore also in Texas). That argument is legally insufficient, as noted in *Revel. Revel,* 317 F.3d at 470. Plaintiff does not plead facts to support the imposition of general jurisdiction against Trip.com, and in fact, there is no factual support indicating the sort of continuous and systematic contacts with Texas required to maintain general jurisdiction under the Due Process clause and *International Shoe.*

### B. The Court Does not Have Specific Jurisdiction Over Defendant.

Specific jurisdiction focuses not on a defendant's overall contacts with the forum state, but to the extent to which a controversy is related to or arises out of a defendant's contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). The focus on this inquiry is the "relationship among the defendant, the forum, and the litigation." *Id.*, quoting *Shaffer v. Heitner*, 433

U.S. 186, 204 (1977).  The contacts needed to sustain specific jurisdiction are those

in which the defendant purposefully availed itself of the privilege of conducting

activities in the forum state.  *Ford Motor Co. v. Mont. Eighth Jud. Distr. Ct.*, ——

U.S. ——, 141 S. Ct. 1017, 1024 (2021).  Put another way, "there must be 'an

affiliation between the forum and the underlying controversy, principally, [an]

activity or an occurrence that takes place in the forum State and is therefore subject

to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court of California,*

*San Francisco County*, —— U.S. ——, 137 S.Ct. 1773, 1780 (2017) (quoting

*Goodyear*, 564 U.S. at 919).  In this case, (1) the relationship between Plaintiff Olive,

Trip.com, and the lawsuit does not have a sufficient nexus with Texas to impose

specific personal jurisdiction, (2) no facts show a purposeful availment of the

privileges of doing business in Texas by Trip.com, and (3) there is no relationship

between the controversy and any activity subject to Texas state regulation.

Plaintiff relies on a single statement in his complaint for the imposition of

specific jurisdiction against Trip.com.  Plaintiff merely alleges that "contacts

include, but are not limited to, Defendants' efforts to market, promote, and provide

booking services for the Four Seasons hotel located in downtown Houston, Texas."

(Doc. 36, ¶ 9.)  However, Trip.com did not and does not direct advertising toward

Texas or Texans.  Decl. at ¶ 7.  Plaintiff's allegation that advertising is directed

toward Texas is nothing more than an acknowledgement that website users may

HOU 4358151.1

book hotels worldwide, including hotels in Texas.  In fact, it would be odd to assert

that users would generally book a hotel in their own location, so the fact that a hotel

in Texas might be booked through the Internet website actually makes it less likely

that any advertising is being directed toward Texas or Texans.

It matters not that some Texans may have utilized Trip.com's website.  In a

similar case, the Fifth Circuit said:

> At bottom, the only reason to hale HuffPost [the defendant] into Texas
> is that Texans visited the site, clicking ads and buying things there. But
> as far as Johnson [the plaintiff] has alleged, those visits reflect only
> HuffPost's universal accessibility, not its purposeful availment of
> Texas. Accessibility alone cannot sustain our jurisdiction. If it could,
> lack of personal jurisdiction would be no defense at all.

*Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 320 (5th Cir. 2021).  The Fifth

Circuit found an insufficient relationship between the legal action for defamation

and the state of Texas where the plaintiff argued contacts with Texas included actual

commerce with Texans:

> Johnson says that HuffPost sells merchandise to Texans. But that
> doesn't matter. Johnson complains about a written article, not articles
> of clothing. Branded tees and coffee mugs have nothing to do with
> Johnson's libel claim, so they cannot sustain claim-specific jurisdiction.

*Id.* Likewise, Plaintiff Olive's contention is that some action or inaction of Trip.com

infringed his copyright.  Assuming Plaintiff's contentions to be true, that action or

inaction must have occurred outside the State of Texas, as Trip.com does not have

any offices or employees in Texas.  Moreover, Plaintiff pleaded that he is a resident

of California, and so no Texas resident was allegedly injured or damaged. Plaintiff's lone argument for any nexus with Texas is that the allegedly infringing photograph appeared when a user was looking at the webpage for a specific Four Seasons hotel in Houston, Texas. There is no factual pleading to support that any user ever actually booked the hotel; and, even in the event some user did so, there is no allegation that user was a Texan; and even further in the event such allegation existed, there is no allegation that such Texan user was damaged. The allegedly damaged party was the California residing Plaintiff. So neither the action (or inaction) made the basis for the lawsuit nor the party allegedly injured has a connection to Texas. The basic elements of the lawsuit involve persons and entities who at all times performed or failed to perform actions in either Singapore, California, or both. The fact the subject of the copyrighted work is the Houston skyline is of no import whatsoever to the analysis, and not an operative fact relevant to liability or to damages.

It is also noteworthy that the photograph allegedly infringed is a photograph of the Houston, Texas downtown skyline, but this fact does not further Plaintiff's argument either. Plaintiff alleges he was in Texas (or rather hovering above it) while creating the photograph. Like in the *HuffPost* case, "that point matters because 'the defendant himself' must create the contacts that sustain the forum state's jurisdiction." *Id*. at 321. Plaintiff's acts related to Texas, even those acts leading to the creating of the photograph, are of no matter when the legal standard focuses

8

solely on whether the <u>Defendant</u> purposefully availed itself of jurisdiction in Texas. See *id*.

Finally, Plaintiff pleaded that Trip.com made money because users booked the Four Seasons hotel in Texas.  Again, this fact is not relevant to the jurisdictional analysis.  This same argument was tried in the *HuffPost* case, to which the Fifth Circuit replied:

> Johnson protests that ads are how HuffPost makes money. But whether HuffPost generates revenue by selling ads, tees, or chewing gum is beside the point. Johnson chose to plead a libel claim. The harm of libel is the reputational injury that results from the defendant's purposefully sharing that libel with others. See *Walden v. Fiore*, 571 U.S. 277, 288, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014). It does not turn on whether the defendant's unrelated activities make or lose money.

*Id.* at 321.    Again, the subject of the lawsuit controls in the specific jurisdiction context, and here, a California resident alleges an entity in Singapore infringed his copyright.  All the alleged actions and all alleged damages occurred in Singapore or in California, and therefore the facts alleged in the complaint cannot establish that Trip.com should have "fair warning" that its activities may subject it to personal jurisdiction in Texas.  *See id.*, citing *Ford Motor Co.*, 141 S. Ct. at 1025 (2021).

   C.  <u>Exercise of Personal Jurisdiction Over Trip.com is not Reasonable or Fair Under the Circumstances.</u>

In the event the Court determines general or specific personal jurisdiction may be maintained, it may still decline jurisdiction where the exercise of it would not be

HOU 4358151.1

reasonable and fair.  *Elecs. For Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1352 (Fed.

Cir. 2003).  This question looks at several factors including—

> (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Id.*, citing *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1363 (Fed. Cir. 2001).

In this case, the burden on Defendant Trip.com favors dismissal.  First,

Trip.com is organized in Singapore and has no business presence in Texas, including

no employees, offices, bank accounts, or real estate.  Decl. at ¶¶ 2-8.  The distance

in a straight line by air between Singapore and Houston is approximately 10,000

miles.  Defendant's witnesses will be unreasonably and unnecessarily burdened

(both financially and in time expended) defending this matter in Houston, Texas, up

to and including through trial.  Second, the interests of Texas as the forum state are

non-existent.  Texas does not have a superior interest in justice for a Californian

against a Singapore entity for conduct that occurred outside Texas.  Third, of course,

the Plaintiff has an interest in obtaining relief, but every plaintiff who has ever filed

a lawsuit meets this criteria, and there is no reason courts sitting in Texas should be

the ones to provide relief in the absence of any other factors giving Texas an interest.

Finally, the interstate judicial system's interest in efficiency and the shared interest

of the states' in furthering policies is not a factor that weighs in favor of jurisdiction,

HOU 4358151.1

if it weighs at all.  Plaintiff has not pleaded anything concerning this factor, and it is difficult to imagine an argument that the Southern District of Texas is in some manner more efficient than its sister courts around the country or that it has different policy concerns from courts of other districts (or even courts in other countries).  So even if the Court were to determine it might maintain personal jurisdiction (general or specific), reason and fairness dictate that it should still decline to exercise its discretion to maintain personal jurisdiction in this particular case.

## III.     Conclusion and Prayer

The Court does not have personal jurisdiction over Trip.com.  General jurisdiction is lacking because Trip.com does not maintain systematic and continuous contacts with Texas.  Specific jurisdiction is lacking because the operative facts of the copyright infringement claim show no purposeful availment by Trip.com of the privileges of doing business in Texas, and the only facts that include Texas in some small way are not relevant to the cause of action pleaded or the damages sought.  Maintaining personal jurisdiction over Trip.com does not comport with traditional notions of fair play and therefore is antithetical to the Fourteenth Amendment's Due Process Clause.  Even in the event the Court determines personal jurisdiction is appropriate under the Due Process Clause, it may and should decline to exercise personal jurisdiction where it is not reasonable and fair to the Defendant to do so.  Defendant therefore prays the Court grant its Motion

HOU 4358151.1

to Dismiss and dismiss all Plaintiff's claims against it in this lawsuit.  Defendant

further prays for any other relief to which it may be entitled.

Respectfully submitted,


**Spencer Fane LLP**

*/s/ Erick Robinson*
Erick S. Robinson
Federal I.D. No. 431925
State Bar No. 24039142
Brian C. Poldrack
Federal I.D. No. 01162020
State Bar No. 24046641
3040 Post Oak Boulevard, Suite 1300
Houston, Texas 77056
(713) 212-2638
(713) 963-0859 (fax)
erobinson@spencerfane.com
bpoldrack@spencerfane.com
*Attorneys for Defendant Trip.com Travel*
*Singapore, Pte. Ltd.*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on all counsel of record on April 29, 2022 via the court's electronic filing system.


    */s/ Erick Robinson*
Erick S. Robinson

12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JIM OLIVE,

      Plaintiff,

          v.

FOUR SEASONS HOTELS LIMITED,
FOUR SEASONS HOLDINGS INC.,
MT. JEFFERSON HOLDINGS, LLC
D/B/A FOUR SEASONS HOTEL
HOUSTON, AND TRIP.COM
TRAVEL SINGAPORE PTE. LTD,

      Defendants.

CIVIL ACTION NO 4:22-cv-00325

JURY TRIAL DEMANDED

## DECLARATION OF YUETAO DING IN SUPPORT OF SPECIAL APPEARANCE AND MOTION TO DISMISS

I, Yuetao Ding, declare:

1. I am an Overseas Legal Manager of Trip.com Group, of which the Defendant Trip.com Travel Singapore Pte. Ltd. ("Trip.com") is a group member located in the country of Singapore. I make this Declaration in support of Trip.com's Special Appearance and Motion to Dismiss.

2. Trip.com is organized under the laws of Singapore. Trip.com is not registered to do business in Texas and is not required to maintain a registered agent in Texas.

3. Trip.com's principal place of business is in Singapore. Trip.com has no offices that are located in Texas, or anywhere else outside of Singapore.

4. Trip.com has no employees that reside in Texas or work from Texas.

5. Trip.com maintains no bank accounts in Texas.

6. Trip.com owns no real estate in Texas or in the United States.

7. Trip.com does not direct advertising toward Texas or Texas residents.

8. Trip.com is not obligated to pay United States federal or Texas state income tax, or any franchise tax, business tax, real estate tax, or value added taxes to the United States or to Texas.

9. I declare under penalty of perjury under the laws of the United States of America that each of the above statements is true and correct.

Executed on April 29, 2022, in Shanghai, China.

Yuetao Ding
Yuetao Ding

2